# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DOYLE D. BERTSCHY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. CIV-09-1370-F |
| ) | |
| **EVERETTE VAN HOESEN, Sheriff,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Kay County Jail, has filed this civil rights action pro se. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that Defendant Liz Kuhn's Motion to Dismiss [Doc. No. 18] be granted and that Plaintiff's Motion to Dismiss [Doc. No. 19] be granted.

Defendant Kuhn, a nurse at Kay County Jail and one of three defendants named in the complaint, has filed a motion to dismiss asserting that Plaintiff's allegation that she violated his civil rights and the Americans with Disabilities Act are insufficient to state a claim for relief against her. In response to the motion to dismiss, Plaintiff filed his own Motion to Dismiss [Doc. No. 19], requesting that the Court "remove and dismiss Defendant Liz Kuhn" from this case.

Plaintiff's complaints against Defendant Kuhn focus on her alleged failure to respond

to his request for medical attention to his mental health needs. He specifically alleges that he advised Defendant Kuhn of his prior hospitalization at Eastern State Psychiatric Hospital and other facilities and the medications he was taking for his mental health problems. Petition, p. 3(A). He alleges further that he told Defendant Kuhn that he was depressed, "losing blocks of time" and "hearing voices and seeing people who weren't there which told him to do things or they would kill him." *Id.* According to Plaintiff, Defendant Kuhn "stated that she couldn't set up any psychiatric care, that the sheriff would not allow it." *Id.* Plaintiff also alleged that the medical requests he sent were denied and kept by Defendant Kuhn. He alleges that he has yet to see a psychiatrist and was in solitary confinement for ninety days without his medication. *Id.*

In her motion to dismiss, Defendant Kuhn contends that Plaintiff has failed to plead factual allegations sufficient to state a claim against her, citing *Ashcroft, et al. v. Iqbal*, ___ U.S. ___, 129 S.Ct.1937 (2009). Defendant's Motion, p. 7. Rather than contesting Defendant's motion, Plaintiff has, in essence, confessed the motion by filing his own motion requesting that Defendant Kuhn be dismissed. Plaintiff's Motion. LCvR 7.1 ("[A]ny motion that is not opposed within 21 days may, in the discretion of the Court, be deemed confessed."). Because Plaintiff has not only failed to oppose Defendant's motion, but has in fact concurred with Defendant's request for dismissal, the undersigned recommends the motions of both parties be granted to the extent that the claims against Defendant Kuhn be dismissed without prejudice.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that Defendant Kuhn's Motion to Dismiss [Doc. No. 18] and Plaintiff's Motion to Dismiss [Doc. No. 19] be granted and that Plaintiff's claims against Defendant Kuhn be dismissed without prejudice.

The parties are advised of their right to object to this Report and Recommendation by June 10, 2010, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the Magistrate Judge in this matter.

ENTERED this 21st day of May, 2010.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE