IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| DOYLE BERTSCHY, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-09-1370-F |
| EVERETTE VAN HOESEN, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated as a pretrial detainee in Kay County, Oklahoma. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). A Special Report was filed in accordance with this Court's order and with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) [Doc. No. 24]. Defendant Van Hoesen, Sheriff of Kay County, Oklahoma, has filed a motion for summary judgment [Doc. No. 36], to which Plaintiff has failed to respond within the allotted time. For the reasons set forth below, it is recommended that Defendant Van Hoesen's motion for summary judgment be granted.

**Plaintiff's Complaint**

In describing the background of his case, Plaintiff alleges that following his May 5, 2009, arrest and confinement in the Kay County jail, he requested to see a doctor concerning his "psychiatric problems of delusion, depression, and losing periods of time." Complaint,

p. 2.¹ He maintains that "[d]eliberate indifference was shown by the medical organization and the sheriff's office as each let Plaintiff suffer." *Id.* Plaintiff further states that he was punished for over 90 days "by being placed in solitary confinement without any disciplinary hearings or due process." *Id.* He also maintains that "he was forced to continuously live in unfit conditions" and that the food was nutritionally inadequate. *Id.* He asserts three claims based on these allegations.

In the first of his three counts, Plaintiff alleges that he was subject to cruel and unusual punishment in that he did not receive proper mental health care at the Kay County jail. Complaint, p. 4. Plaintiff further alleges that Defendant Van Hoesen denied his requests to see a psychiatrist. *Id.*, p. 5. He also complains that during his 90-day period of confinement, he received inadequate dosages of medication. *Id.*, pp. 5-6. Finally, Plaintiff alleges that he was charged for his visits to the facility's nurse, for his mental health care, and for medications. *Id.*, p. 6.

In Count Two, Plaintiff alleges that his due process rights were violated during "disciplinary process." Complaint, p. 4. Specifically, Plaintiff alleges that on July 10, 2009, he was placed in solitary confinement for 90 days without "written justification or any form of disciplinary process." *Id.* Plaintiff complains that during this time period he had to sleep on the floor, which caused him emotional distress. *Id.*

In Count Three, Plaintiff alleges that the food served at the jail was nutritionally

---

¹For ease of reference, citations to page numbers of the amended complaint refer to the electronic page number. Unless otherwise indicated quotations in this report are produced verbatim.

inadequate, in violation of the prohibition against cruel and unusual punishment. Complaint, p. 7. In support, Plaintiff alleges that the kitchen supervisor prepares a menu that is given to "courts and state agenc[ies]" and then changed without notice, and she "shorts the trays" to stretch recipes for 105 to serve 140. *Id.*

Plaintiff requests monetary damages and injunctive relief in the form of a court order instructing Defendant "to cure deficiencies."[2] Complaint, p. 8.

## **Standard of Review on Motions for Summary Judgment**

Summary judgment shall be granted where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (December 1, 2010). In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most

---

[2]District court records show that on June 14, 2010, Plaintiff was convicted and sentenced pursuant to his pleas of guilty entered in Case Nos. CF-2009-134, CF-2009-178, and CF-2009-482, District Court of Kay County. *See* Oklahoma District Court Records, at http://www.odcr.com (District Court of Kay County (Newkirk), Case Nos. CF-2009-134, CF-2009-178, and CF-2009-482) (accessed February 25, 2011). Further, Oklahoma of Department of Corrections records (DOC) show that Plaintiff was received into DOC custody to serve these sentences on November 16, 2010. *See* Oklahoma Department of Corrections, at http://<www.doc.state.ok.us/ (Offender Lookup, Doyle Bertschy ODOC# 126884) (accessed February 25, 2011).

Thus, to the extent Plaintiff seeks injunctive relief, his transfer from the Kay County jail a state prison facility in December 2010 renders his claims for injunctive relief moot. *See McAlpine v. Thompson*, 187 F.3d 1213, 1216-18 (10th Cir. 1999) (mootness doctrine applies to prison conditions claim where there is no "reasonable expectation" that the plaintiff will return to the same prison and the same conditions of confinement); *Green v. Branson*, 108 F.3d 1296, 1299-1300 (10th Cir. 1997) (claims for injunctive and declaratory relief are moot where the prisoner has been released or transferred and is no longer subject to the conditions of confinement on which his claims are based); *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir.) ("When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot.") (internal quotation marks omitted), *cert. denied*, 131 S.Ct. 469 (2010).

3

favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382,* 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted). A dispute is "genuine," when viewed in this light, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are "facts that might affect the outcome of the suit under the governing law." *Id.*

To obtain summary judgment, the moving party need not affirmatively negate the nonmovant's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Rather, the moving party initially bears the burden only of "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once the moving party has satisfied this burden, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. *Id.* at 324. The nonmoving party "may not rest upon mere allegation" in his pleading to satisfy this requirement. *Anderson*, 477 U.S. at 256. Rather, the nonmoving party must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

Additionally, when a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). In this same vein, the rules of this Court provide in part that "[a]ll material facts set forth in the statement of the material facts of the movant may be deemed admitted for the purpose of summary judgment unless specifically controverted by

4

the statement of material facts of the opposing party." LCvR56.1(c).

## ANALYSIS

I. **Exhaustion of Administrative Remedies**

In connection with all but Plaintiff's claim as to his mental health treatment, Defendant Van Hoesen seeks summary judgment on the ground that Plaintiff has failed to exhaust his administrative remedies. Defendant's Motion, pp. 9-11. The Prison Litigation Reform Act of 1995 (PLRA) requires that a prisoner exhaust all available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a) provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* In construing this legislation, the United States Supreme Court has determined "that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2007). To comply with this requirement, a prisoner must fully observe the prison's grievance procedures. *Jones*, 549 U.S. at 218; *Woodford v Ngo*, 548 U.S. 81, 90 (2006). An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies. *Jernigan v. Stuchell*, 305 F.3d 1030, 1032 (10th Cir. 2002). "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary,*

5

511 F.3d 1109, 1112 (10th Cir. 2007).

In connection with Plaintiff's exhaustion of available administrative remedies, the undersigned finds that the following facts are uncontradicted:

1. Inmates of the Kay County jail may submit a complaint form to address their grievances or issues [Doc. No. 36, Defendant's Statement of Uncontroverted Facts, at No. 19, citing Exhibit 1, Affidavit of Defendant Van Hoesen, Attachment E, page 8].

2. Plaintiff's file reflects that prior to filing his complaint on December 16, 2009, he submitted "Inmate Request and/or Complaint" forms on the following dates and with regard to the following issues:

> May 7, 2009 - a request about his medications
> June 8, 2009 - a request to work in the kitchen as a trustee
> July 14, 2009 - an inquiry about paperwork he had when he arrived at the jail
> November 2, 2009 - a request for a mental health doctor
> November 4, 2009 - a request for a psychiatrist and mental health treatment; a complaint about charges for mental health services
> November 4, 2009 - a complaint about his mental health medications and charges for medication
> November 9, 2009 - a request for a second mat
> November 17, 2009 - an inquiry about mental health medications
> November 26, 2009 - a complaint that the medication Lithium was not helping
> November 30, 2009 - a request to be taken off Lithium and to be scheduled to see another doctor

[Doc. No. 36, Defendant's Statement of Uncontroverted Facts, at No. 19, citing Exhibit 1, Affidavit of Defendant Van Hoesen].

Pursuant to the Inmate Rules of the Kay County Detention Facility, an inmate must report a complaint, in writing, to the detention officer on duty; the complaint form is then delivered to the Facility Administrator; if valid, the complaint is forwarded to the Sheriff for processing; the Sheriff may direct an investigation into a valid complaint; a written report

6

and findings and recommendations is submitted to the Sheriff for review; and, a copy of the complaint, findings, and action taken is placed in the inmate's file [Doc. No. 36, Attachment E, page 8].

Relying on the foregoing material facts, Defendant Van Hoesen asserts that Plaintiff did not complain at the administrative level about his placement in segregation without a hearing and without due process (Count Two) or about not being served a nutritionally adequate diet (Count Three). Defendant's Motion, p. 11.

In the absence of a response by Plaintiff, the material facts set out in Defendant's summary judgment motion are uncontroverted. Based on those uncontroverted facts, the undersigned finds that Plaintiff failed to exhaust his claim in Count Two that his due process rights were violated by his placement in solitary confinement on July 10, 2009, without a hearing. Likewise, the undersigned finds that Plaintiff failed to exhaust his claim in Count Three of a nutritionally inadequate diet. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted with respect to Plaintiff's claims in Counts Two and Three. Such claims should be dismissed without prejudice. *See Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (remanding to allow district court to clarify that its dismissal of claims for failure to exhaust was without prejudice); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139-40 (10th Cir. 2005) (same). Thus, only Plaintiff's claim in Count One as to his mental health treatment has been exhausted and is addressed

hereafter.[3]

## II. Mental Health Care

In Count One Plaintiff maintains that Defendant Sheriff Van Hoesen was deliberately indifferent to his serious mental health needs by denying him mental health treatment. Complaint, p. 4. Specifically, Plaintiff alleges that

> [he] informed Liz Kuhn of his hospitalization at Eastern State Psychiatric Hospital, and his mental health care at the Oklahoma County jail and the Oklahoma Department of Corrections. Plaintiff was taking: Thorazine, Halidol, Elevil, Mellaric, Sinnequan and other medication for his mental health problems. Plaintiff told Liz Kuhn, who is the nurse at Kay County jail, that he was hearing voices and seeing people who weren't there which told him to do things or they would kill him. Plaintiff also stated he was severely depressed and losing blocks of time where he couldn't remember anything.

Complaint, pp. 4-5. According to Plaintiff, Ms. Kuhn responded that she couldn't set up psychiatric care and that "the sheriff would not allow it." *Id.*, p. 5. Plaintiff further claims that he sent several requests to staff/complaint forms to Defendant Van Hoesen asking to see a psychiatrist, and all were denied. *Id.* Plaintiff states that he "continued to suffer from

---

[3]In addition to correctly maintaining that he is entitled to summary judgment based on the lack of factual merit of Plaintiff claims in Count One, Defendant Van Hoesen is also correct in arguing that Plaintiff has failed to demonstrate any personal involvement by the Sheriff in connection with the events relevant to those claims. Defendant's Motion, pp. 23-24. Personal participation is an essential element of a § 1983 claim. *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). As a result, a supervisor, such as Sheriff Van Hoesen, incurs no § 1983 liability for a subordinate's conduct that results in the deprivation of a constitutional right unless an "affirmative link" exists between the deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise. *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988); *see also Coleman v. Turpen*, 697 F.2d 1341, 1347 n.7 (10th Cir. 1982) (respondeat superior generally does not apply in § 1983 cases). Thus, where Plaintiff fails to establish that Defendant Van Hoesen was personally involved in the constitutional violations which Plaintiff maintains were committed by various Kay County jail subordinates, Defendant Van Hoesen has no § 1983 liability resulting from his status as a supervisor.

delusions and hallucinations of people trying to kill him" and that he was never allowed to see a psychiatrist. *Id.*

The Eighth Amendment requires prison officials to provide humane conditions of confinement, including access to the basic necessities of medical care.[4] *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The United States Supreme Court has made clear that "deliberate indifference to serious medical needs of prisoners constitut[ing] the 'unnecessary and wanton infliction of pain,'" may amount to a violation of the Eighth Amendment. *Id.* at 104 (citation omitted). This deliberate indifference standard has two components: (1) an objective component in which the plaintiff's pain or deprivation must be shown to be sufficiently serious, and (2) a subjective component in which it must be shown that the offending officials acted with a sufficiently culpable state of mind. *See Handy v. Price,* 996 F.2d 1064, 1067 (10th Cir. 1993); *Miller v. Glantz,* 948 F.2d 1562, 1569 (10th Cir. 1991). As to the objective component, the Tenth Circuit has stated that a condition is sufficiently serious where the condition has been diagnosed by a physician as mandating treatment or that is so obvious even a lay person

---

[4]It is clear that Plaintiff was being held as a pretrial detainee during some of the time he was incarcerated in the Kay County jail and as a convicted prisoner for the remaining time awaiting transfer to a DOC facility. As a pretrial detainee, Plaintiff's conditions of confinement claims are analyzed under the Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, (1979). For the time during which Plaintiff was a convicted prisoner, his claims are analyzed under the Eighth Amendment. *See Myers v. Oklahoma County Board of County Commissioners*, 151 F.3d 1313, 1320 (10th Cir. 1998) (stating that the Eighth Amendment applies only to convicted inmates). The same standard, however, is applicable to the analysis of both types of claims. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) ("Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims.") (citation omitted).

would easily recognize the necessity for a doctor's attention. *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). As to the subjective prong of this test, a plaintiff must establish that a defendant knew of a substantial risk of harm and failed to take reasonable measures to abate it. *See Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir. 1999). Such deliberate indifference may be shown where prison officials "have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment." *Ramos,* 639 F.2d at 575. Not every claim of inadequate medical treatment rises to the level of a constitutional violation. A claim of medical malpractice or negligence plainly does not constitute a constitutional violation. *Estelle,* 429 U.S. at 105. As the Supreme Court has stated:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Id.* at 106. *See Whitley v. Albers,* 475 U.S. 312, 319 (1986) (Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety"); *Handy,* 996 F.2d at 1067 (finding plaintiff's claim that prison doctor was negligent in treatment of Hepatitis C did not constitute a constitutional violation). Likewise, a disagreement over a course of treatment does not amount to a constitutional violation. *Ramos,* 639 F.2d at 575 ("a mere difference of opinion between the prison's medical staff and the inmate as to the

diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment"). Plaintiff's claim and the evidence in this case has been examined against these standards.

The undersigned finds that the following facts relevant to Plaintiff's mental health care are uncontradicted:

1. The Kay County jail contracts with Health Professionals, LTD, ("Health Professionals") to provide inmate health services at the jail. The facility's nurse and doctor are contracted through Health Professionals; the nurse is contracted to be at the jail for thirty-two hours per week, and a doctor visits the facility on an as needed basis [Doc. No. 36, Defendant's Statement of Uncontroverted Facts, at No. 2, citing Exhibit 1, Affidavit of Defendant Van Hoesen, Attachment A].

2. Health Professionals does not provide mental health services. Nonetheless, they will evaluate an inmate, provide mental health care medication, and determine if further mental health care is necessary. If the doctor or nurse determines that the inmate is at risk because of his mental health or that others are at risk because of his presence, he is sent to the Edwin Fair Community Mental Health Center in Ponca City, Oklahoma. [*Id.* at No. 3, citing Exhibit 1, Affidavit of Defendant Van Hoesen].

3. Edwin Fair evaluates the inmate and, if necessary, the inmate is transported to Eastern or Western State Hospital for mental health care. Edwin Fair determines if and when an inmate needs to be moved to a different facility. [*Id.* at No. 4, citing Exhibit 1, Affidavit of Defendant Van Hoesen].

4. Plaintiff submitted a number of Sick Call and Inmate Request Forms and was seen by the nurse on multiple occasions in response to his requests. Between July and October 2009, he was provided numerous medications, including Trazadone, Elavil, Benztropine, Paxil, Cogentin, and Lithium. He also has been provided numerous mental health and other medications since that time. [*Id.*, at No. 6, citing Exhibit 1, Affidavit of Defendant Van Hoesen. *See also* Exhibit B, Medical Records].

5. Nothing in Plaintiff's medical records indicate that a Health Professional physician at any time determined that he required mental a health evaluation

or treatment beyond the medication prescribed and provided to him. [*Id.*, at No. 8, citing Exhibit 1, Affidavit of Defendant Van Hoesen. *See also* Exhibit B, Medical Records]. The facility nurse explained to Plaintiff that the correct method of obtaining any mental health treatment was to first see a Health Professional physician, and the physician would determine which, if any, mental health treatment was necessary. *Id.*

6. Plaintiff testified by deposition that the medications he had received in the jail included: Elavil, Haldol, Prolixin, Plavix, Zoloft, Trazodone, Benztropine. (Lithium) and Paxil. He further testified that although the medications had been helpful, they had not taken care of the problem, but he wasn't sure if any medication could help him. Plaintiff also conceded that the medical personnel were doing the best they could "according to what they have to - - according to their policy." [*Id.* at Nos. 6 and 7, citing Exhibit 2, Plaintiff's Deposition, p. 18, line 15-19; p. 19, line 20-22; p. 20, line 13-17].

These uncontroverted, supported facts demonstrate that the medical personnel at the Kay County jail have been responsive to Plaintiff and his mental health situation and have provided him care, albeit not the care which Plaintiff desired. Upon his request, Plaintiff's mental health status was evaluated by Nurse Kuhn, a medical professional. Nothing in the record indicates that Plaintiff made a request to been seen by the facility's physician to further press his mental health concerns. Plaintiff simply maintains that the facility's physician is not able to provide the mental health treatment he needs and that only a mental health specialist can provide him adequate and appropriate treatment. At best, Plaintiff – who has not claimed any injury – has asserted a disagreement over his need for treatment by a mental health specialist, but such disagreement is not tantamount to deliberate indifference to Plaintiff's serious medical needs. See *Ramos*, 639 F.2d at 575. *See also Perkins v. Kan. Dep't of Corr.,* 165 F.3d 803, 811 (10th Cir. 1999). Plaintiff has not established that a

constitutional violation occurred in connection with the facility's treatment of his mental health needs.

Plaintiff's complaint that he was required to make nominal payments for his medications does not rise to the level of a constitutional violation, as Plaintiff does not allege that he was ever denied medical services because of an inability to pay. Defendant Van Hoesen states in his affidavit that "no inmate is denied medical care. Even if an inmate is indigent, he is permitted to see the jail nurse or doctor and to receive medication." Defendant's Motion, Exhibit 1, Affidavit of Everette Van Hoesen). *See Cannon v. Mason*, 340 Fed. Appx. 495, 498 (10th Cir. Aug. 6, 2009) (no constitutional violation where inmate was not denied medical treatment because of inability to pay).

In sum, Plaintiff has not demonstrated a genuine issue for trial on his claim of deliberate indifference to Plaintiff's medical needs, and therefore Defendant is entitled to summary judgment on the claims in Count One.

## **RECOMMENDATION**

It is recommended that Defendant Van Hoesen's motion for summary judgment [Doc. No. 36] be granted. Plaintiff is advised of his right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of this Court by the 21st day of March, 2011. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 28th day of February, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE